UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br>v.<br>JULIE MINUSKIN et al.,<br>                        Defendants. | Case No.: 22-CV-00483-RSH-AHG<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>**[ECF No. 9]** |

On June 15, 2022, Defendants Thomas F. Casey and Golden Genesis, Inc. (collectively, the "Moving Defendants") move to transfer venue from this district to the District of Nevada under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a). ECF No. 9. Casey is a resident of this district, and his company, although organized under the laws of the State of Nevada, conducts its operations in San Marcos, Texas. *Id.* at 2. Plaintiff Securities and Exchange Commission (the "SEC") opposes. ECF No. 16. The motion has been fully briefed, and the Court finds it suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d). As set forth below, the motion is denied.

## I. Legal standard

The Moving Defendants contend that venue should be transferred to the District of Nevada on grounds of forum non conveniens pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision is left to the discretion of the district court. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007). It requires an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988).

Courts consider several factors in determining whether to transfer a case, including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations. *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1130 (C.D. Cal. 2009). "The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Id.*

## II. Analysis

Here, the Moving Defendants do not dispute that venue is proper in this district, and the SEC does not dispute that its civil action could have been brought in the District of Nevada. The question whether to transfer is therefore one for the Court's discretion, considering the relevant factors.

In general, the moving party "must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "The SEC . . . is entitled to just as much deference in its choice of forum as any other litigant." *SEC v. Rose Fund, LLC*, No. C 03-04593 WHA, 2004 WL 2445252, at *2 (N.D. Cal. Jan. 9, 2004).

The Moving Defendants are the only defendants who have appeared in the case. *See* ECF No. 6 (Judgment as to Defendant Dennis DiRicco); ECF No. 15 (Clerk's Entry of

Default as to Defendants Julie Minuskin and Joshua Stoll). Casey states that he resides in this district. ECF No. 9-2 (Casey Dec.) at ¶ 3. He also states that his company, Golden Genesis, Inc. is organized under the laws of Nevada but conducts operations solely in San Marcos, Texas. *Id.* ¶¶ 4–5. These facts weigh against transfer.

The Parties make their respective arguments about the location of events alleged in the Complaint, as well as the location of witnesses, involving numerous districts throughout the United States, including this district and the District of Nevada. On the whole, however, the Moving Defendants have not carried their burden of establishing that transferring venue would allow the case to proceed more conveniently and better serve the interests of justice. Casey's Declaration identifies two third-party witnesses as "important": one individual "was . . . working . . . in [the] Las Vegas headquarters" of third party Provident Trust Company, LLC, and the second is "a Nevada resident." ECF No. 9-2 at ¶¶ 13, 19. But apart from articulating a connection between these putative witnesses and Nevada, the Moving Defendants have failed to demonstrate hardship or inconvenience to these witnesses associated with proceeding in this district. *See Bohara v. Backus Hosp. Medical Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005) ("[I]f the transfer is for the convenience of witnesses, [the] defendant must name the witnesses it wishes to call, the anticipated area of their testimony and its relevance, and the reasons why the present forum would present hardship to them."). Even if there were such a hardship, the Moving Defendants could presumably mitigate it by deposing those two witnesses in Nevada. *See* Fed. R. Civ. P. 45(c)(1)(A). Similarly, the Moving Defendants have failed to show that there are relevant records in Nevada that they do not already possess, that would somehow be harder to obtain if the case proceeds in this district. *See Bohara*, 390 F. Supp. 2d at 963. ("[I]f the motion is based on the location of records and documents, the movant must show particularly the location, difficulty of transportation, and the importance of such records.").

No other factors favor transfer. The SEC's claims arise under federal law rather than Nevada law. ECF No. 1. Further, there has been no showing that administrative considerations weigh in favor of transfer from this district to the District of Nevada.

Considering all the above factors, the Moving Defendants have failed to carry their burden, and this Court declines to exercise its discretion to transfer venue.

### III. Conclusion

For the reasons stated above, Defendants' Motion to Transfer Venue (ECF No. 9) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 21, 2022

_____
Hon. Robert S. Huie
United States District Judge