UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>v.<br><br>THOMAS F. CASEY; GOLDEN GENESIS, INC.; et al.,<br><br>                              Defendants. | Case No.:  3:22-cv-00483-RSH-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>[ECF No. 28] |

Before the Court is the parties' joint Motion to Continue the Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") currently set for January 4, 2023. ECF No 28.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 26 at 6 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

(9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties represent to the Court that counsel for Defendants has a conflict on the same date as the ENE in this case—a family vacation during the first week of January, booked one year ago. ECF No. 28 at 2. Accordingly, the parties request that both the ENE and CMC be continued to January 19, 2023. *Id.*

The Court finds good cause to **GRANT IN PART**[1] the Motion. The Court **ORDERS** the following:

1. The ENE and CMC originally rescheduled for January 4, 2023, at 2:00 p.m. are hereby **CONTINUED** to **January 26, 2023** at **2:00 p.m.** before Magistrate Judge Allison H. Goddard. In accordance with the Local Rules, the Court requires attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation **via videoconference**. CivLR 16.1(c)(1).

2. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

3. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir.

---

[1] The parties requested that the continued ENE and CMC take place on January 19, 2023 at 2:00 p.m. ECF No. 28 at 2. Though the Court appreciates that the parties worked together to find a mutually agreeable date, the Court does not have that date and time available on its calendar.

1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  Limited or sum certain authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).  **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

    4.    <u>**Confidential ENE Statements Required:**</u>  No later than **<u>January 17, 2023</u>**,[2] the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.**  They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.**  Each party's ENE statement must outline:

    A.    the nature of the case and the claims,

    B.    position on liability or defense,

    C.    position regarding settlement of the case with a **specific**[3] **demand/offer for settlement**,[4] and

    D.    any previous settlement negotiations or mediation efforts.

    5.    <u>**Case Management Conference:**</u> In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC")

---

[2] Certain parties have already submitted their ENE Statements, and those parties are not required to submit any further Statements unless they so prefer.

[3] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[4] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.

pursuant to Fed. R. Civ. P. 16(b). Appearance of the parties at the CMC is not required. The deadlines set forth in the Court's Order originally resetting ENE and CMC (*see* ECF No. 26 at 3) **remain in place**. *The Court notes that, although it is unable to set the ENE within the standard 45-day timeframe after the filing of the first Answer, the Court will consider discovery to be open after the parties met and conferred pursuant to Rule 26, and will take this deadline into account when setting the case schedule during the CMC*.

6. **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference ENE, the Court hereby orders as follows:

    A.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[5] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[6] There is a cost-free option for creating a Zoom account.

---

[5] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

[6] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

B. Prior to the start of the ENE, the Court will email each participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation.

C. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the conference begins promptly at 2:00 p.m.

D. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[7] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

E. No later than **January 17, 2023**,[8] counsel for each party shall send an e-mail to the Court at efile_goddard@casd.uscourts.gov containing the following:

---

[7] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

[8] Certain parties have already submitted their Participant Information Lists, and those parties are not required to submit any further Lists unless they so prefer.

      i.      The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

      ii.     An **e-mail address for each participant** to receive the Zoom video conference invitation;

      iii.    A **telephone number where each participant** may be reached; and

      iv.    A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

F.    All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

G.    Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., counsel must dress in appropriate courtroom attire.

H.    If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

7.    **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

6

3:22-cv-00483-RSH-AHG

1        8.    Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.

**IT IS SO ORDERED.**

Dated:  December 16, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge