UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                           Plaintiff,<br><br>v.<br><br>THOMAS F. CASEY; GOLDEN GENESIS, INC.; et al.,<br><br>                          Defendants. | Case No.: 3:22-cv-00483-RSH-AHG<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of this District's Civil Local Rules, a Case Management Conference was held on **January 26, 2023**. ECF No. 30. After consulting with the attorneys of record for the Parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

    1.    Counsel[1] shall refer to the Civil Pretrial and Trial Procedures for the Honorable Robert S. Huie, and the Civil Pretrial Procedures for the Honorable Allison H. Goddard, which are accessible via the Court's website at www.casd.uscourts.gov.

---

[1] "Counsel" shall be defined herein to include any party representing himself or herself.

2. The continued Early Neutral Evaluation Conference ("ENE") is scheduled for **March 24, 2023** at **2:00 p.m.** *via videoconference* before **Magistrate Judge Allison H. Goddard**. The Court requires attendance of all parties, party representatives with full settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation via videoconference.

    A. Each party must submit a Confidential, Supplemental ENE Statement to the Court via email (to efile_goddard@casd.uscourts.gov) by **March 16, 2023**.

    B. No later than **March 16, 2023**, counsel for each party shall send an email to the Court (at efile_goddard@casd.uscourts.gov) containing: (1) the name and title of each participant, (2) an email address for each participant, and (3) a cell phone number for that party's preferred point of contact. The Court will send the Zoom invitation to all participants in advance of the conference.

    C. During the ENE, all participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are also advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

3. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **February 24, 2023**.

4. All fact discovery shall be completed by all Parties by **June 30, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil

Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

5.  The parties shall designate their respective experts in writing by **July 31, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Federal Rules of Evidence 702, 703 or 705. This requirement is not limited to retained experts. The date for designation of rebuttal experts shall be **August 30, 2023**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

6.  All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on

all parties on or before **July 31, 2023**.  Any contradictory or rebuttal information shall be disclosed on or before **August 30, 2023**.  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

7. All expert discovery shall be completed by **September 29, 2023**.  The parties shall comply with the same procedures set forth in Paragraph 4 concerning fact discovery.

8. All motions, other than motions *in limine* and *Daubert* motions shall be filed on or before **November 17, 2023**. Counsel for the moving party shall set the motion date 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Huie's chambers for a hearing date.  The parties shall review Judge Huie's chambers rules for civil cases for the additional requirements for noticed motions before Judge Huie.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

9. A Mandatory Settlement Conference shall be conducted on **January 26, 2024** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard**. Defendant must serve on Plaintiff a **written** settlement proposal, which must include a specific demand amount, no later than **January 5, 2024**. The plaintiff must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.  Counsel for the parties must meet and confer in person or by phone no later than **January 12, 2024**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **January 19, 2024**. The Statement must be lodged in .pdf format via email to

efile_goddard@casd.uscourts.gov (not filed).  The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **January 19, 2024**.  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

10. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1f(2) by **February 28, 2024**.

11. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **February 28, 2024**.  Failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

12. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **March 7, 2024**.

13. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **March 14, 2024**.

14. The proposed pretrial order shall be lodged with the district judge's chambers on or before **March 21, 2024**, and shall be in the form prescribed in Local Rule 16.1.f.6.

/ /

/ /

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Robert S. Huie** for Thursday, **March 28, 2024** at **1:30 p.m.** The Court will set a date for trial at the Pretrial Conference.

16. Failure to comply with these sections or any other discovery order of the Court may result in sanctions pursuant to Federal Rule of Civil Procedure 37, including but not limited to a prohibition on the introduction of experts or other designated matters in evidence.

17. The dates and times set forth herein will not be modified except for good cause shown. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("the focus of the [good cause] inquiry is upon the moving party's reasons for seeking modification. [] If that party was not diligent, the inquiry should end."); *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018) ("a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court.").

18. Plaintiff's counsel shall serve a copy of this Order on all Parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: January 26, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge